**Ansar KHAN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 04–70400.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.[*]

Decided Jan. 14, 2005.

Charles E. Nichol, Esq., Law Office of Charles E. Nichol, San Francisco, CA, for Petitioner.

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

[*] This panel unanimously finds this case suit-

**142**

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Rena I. Curtis, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., John C. Cunningham, Esq., Washington, DC, for Respondent.

Before: BEEZER, HALL and SILVERMAN, Circuit Judges.

MEMORANDUM **

Ansar Khan, a native and citizen of Pakistan, petitions for review of the Board of Immigration Appeals' order affirming the immigration judge's ("IJ") decision denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence a finding of adverse credibility, *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002), and we deny the petition.

Substantial evidence supports the IJ's adverse credibility determination because the IJ cited material inconsistencies within Khan's testimony and between his testimony and application regarding the date and length of his third arrest and detention; these discrepancies directly relate to the basis for Khan's alleged fear of persecution and thus go to the heart of his asylum claim. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001). Our review of the record does not compel a contrary conclusion. *See id.* at 1045.

able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

Because Khan failed to show that he was eligible for asylum, he necessarily fails to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003). Because Khan's claim under the CAT is based on the same testimonial and documentary evidence that the IJ determined to be not credible in connection with his asylum claim, the IJ also properly denied Khan protection under the CAT. *See id.* at 1157.

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741, 750 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**